FILED
SUPERIOR COURT
OF GUAM

2021 APR 12 PM 4:29

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | Criminal Case No. CF0446-18 |
| | GPD Report No. 18-21592 |
| v. | |
| | **DECISION AND ORDER** |
| LOUIS ANTHONY VARGAS, | **GRANTING THE PEOPLE'S MOTION IN** |
| DOB: 06/06/1985 | **LIMINE TO EXCLUDE IMPROPER** |
| | **CHARACTER EVIDENCE** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on April 1, 2021 for hearing on the People of Guam's ("the People's) Motion In Limine To Exclude Improper Character Evidence ("Motion"). Assistant Attorney General Christine Tenorio represents the People, and Public Defender Stephen Hattori represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **GRANTS** the People's Motion.

## BACKGROUND

Defendant is charged with eight counts of First Degree Criminal Sexual Conduct (as a 1st Degree Felony) with a Vulnerable Victim sentencing enhancement and six counts of Second Degree Criminal Sexual Conduct (as a 1st Degree Felony) with a Vulnerable Victim sentencing enhancement. Indictment (Aug. 9, 2018). The victim in this case is a minor under the age of fourteen years old. Id. The alleged abuse took place between the period of August 2016 and July 2018. Id.

One key witness ("Witness") was engaged to marry the Defendant. Court Recording ("CR") at 2:20:00 (Apr. 1, 2021). Defendant plans to impeach Witness with evidence concerning her

Decision and Order Granting The People's Motion In Limine To Exclude Improper Character Evidence
CF0446-18, *People of Guam v. Louis Anthony Vargas*
Page 1 of 4

alleged infidelities with a previous partner. CR at 2:18:00 (Apr. 1, 2021). Defendant plans to show that the Victim in this case assisted in Witness's lying about her infidelities. CR at 2:18:40 (Apr. 1, 2021). Defendant claims this is relevant because Witness was mad at Defendant for facing a military discharge, causing her to end their engagement and create false allegations alongside Victim as a way of payback. CR at 2:20:15. Defendant wants to introduce this evidence not to prove character, but to prove a consistent motive, modus operandi, and habit that Witness and Victim collude together to sell lies. CR at 2:20:50 (Apr. 1, 2021).

On May 1, 2019 the People filed their Motion in Limine to Exclude Improper Character Evidence. The People seek to exclude this evidence as irrelevant and improper/prejudicial character evidence. Motion at 2.

On March 31, 2021 the Defendant filed his Opposition to Government's Motion In Limine To Exclude Improper Character Evidence ("Opposition"). Defendant claims this evidence is valuable in demonstrating motive and credibility of the Witness. Opposition at 2.

The Court held a hearing on April 1, 2021. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

Guam Rules of Evidence 608 provides that character for untruthfulness may only be supported by evidence in the form of opinion or reputation. GRE 608(a). Specific instances of conduct probative for untruthfulness may be used on cross-examination to attack the witness's credibility in the court's discretion. GRE 608(b). This discretion is guided by Rule 403, allowing the Court to exclude evidence "if its probative value is *substantially outweighed* by the danger of unfair prejudice, confusion of the issues, or misleading the jury". GRE 403 (*emphasis added*).

I.  **Ms. Rusk's alleged infidelity does not establish a motive to create false allegations against Defendant, nor is it probative for untruthfulness.**

Defendant plans to introduce, on cross-examination, a specific instance of conduct (Witness's collusion with Victim to cover up her infidelity). CR at 2:18:40 (Apr. 1, 2021). Defendant plans to introduce this to show (1) motive, and (2) Witness's lack of credibility given her previous untruthfulness conduct. CR at 2:21:20.

Decision and Order Granting The People's Motion In Limine To Exclude Improper Character Evidence
CF0446-18, *People of Guam v. Louis Anthony Vargas*
Page 2 of 4

However, the Court does not see how this evidence is relevant towards establishing a motive to create false allegations. The past affair is collateral to the issue at hand, since it took place in a completely different relationship and does not involve the Defendant. Defendant failed to explain how this past affair gave Witness a motive to create false allegations against him, particularly given his lack of involvement in the affair or previous relationships concerning it.

Furthermore, this Court, like numerous State Supreme Courts, does not believe adultery is probative for untruthfulness. *See State v. Bell*, 512 S.W.3d 167, 195 (Tenn. 2015); *State v. Moses*, 726 A.2d 250, 252-253 (N.H. 1999); *Smith v. Com.*, 904 S.W.2d 220, 222 (Ky. 1995); *State v. Smith*, 522 N.W. 2d 591, 593 (Iowa 1994). The Supreme Court of New Hampshire specifically held that "cross-examining a witness about marital infidelities, whether committed with the defendant or another, is generally not a proper basis for impeachment", as "adultery does not relate directly to truthfulness." *State v. Moses* at 253 (quoting 4 J. Weinstein & M. Berger, *Weinstein's federal Evidence* § 608.12[4][b][i]). The Supreme Court of Kentucky has held evidence of marital infidelity would be inadmissible on grounds that it lacks relevance and amounts to a "smear upon… character." *Smith v. Com.* at 222. The Supreme Court of Iowa has called cross-examination of an extramarital affair "only minimally probative of… truthfulness". While adultery is immoral, it does not prevent one from being a competent witness, particularly given how the relationship is collateral to the Defendant and the charged crimes.

II.    **In the alternative, if infidelity is found to be probative for untruthfulness, Rule 403 excludes this evidence.**

Even if infidelity were found to be probative for untruthfulness, the Court still has discretion over whether Defendant's proposed line of questioning may proceed on cross-examination. GRE 608(b). This discretion is guided by Rule 403, where the Court must balance the testimony's probative value against its negative implications (such as prejudice, confusion of the issues, and delay of proffered testimony). GRE 403. The evidence will be excluded if these negative implications "substantially outweigh" its probative value. Id.

Decision and Order Granting The People's Motion In Limine To Exclude Improper Character Evidence
CF0446-18, *People of Guam v. Louis Anthony Vargas*
Page 3 of 4

The probative value of any such testimony is limited at best. As previously mentioned, the Court fails to see any chain of connection between Witness's past affairs and a motive to create false allegations against Defendant. Furthermore, any takeaways concerning character for untruthfulness are limited, because the motive to keep an affair secret is entirely different from any motivation to lie about sexual assault. *Smith v. Com.* at 593.

However, the dangers and negative implications from such testimony are clear. Admitting this evidence would confuse the issues in the case and mislead the jury. The focal point in the trial is not whether Witness committed adultery with a past partner; it is whether Victim and Witness are telling the truth about the sexual assault. Admitting this evidence would bring the juror's focus away from the issue at hand, would needlessly harass and embarrass Witness, and would delay proffered testimony. These dangers substantially outweigh the limited probative value of such testimony. As such, the testimony should be excluded.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the People's Motion. Witness may not be cross-examined about her previous marital affairs. However, such cross-examination is proper if Witness or the prosecution first brings it up.

**IT IS SO ORDERED** this Apr.12,2021 *nunc pro tunc* to April 1, 2021.



**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG Prosecution
PDSC
Date: 9/17/21 Time: 4:34 pm
Antonio P. Cruz
Deputy Clerk, Superior Court of Guam

_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Granting The People's Motion In Limine To Exclude Improper Character Evidence
CF0446-18, *People of Guam v. Louis Anthony Vargas*
Page **4** of **4**